UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ELBIO CRUZ CABRERA,

                           Plaintiff,                                Docket No.:

         -against-

                                                        **<u>COMPLAINT</u>**

C SQUARED ENVIRONMENTAL CORP.,
AMC ENGINEERING, PLLC, ENVIRONMENTAL
BUSINESS CONSULTANTS INC., ARIEL                    ***Jury Trial Demanded***
CZEMERINSKI, and CHARLES SOSIK,

                           Defendants.
-----------------------------------------------------------------------X

       Plaintiff, ELBIO CRUZ CABRERA, on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, C SQUARED ENVIRONMENTAL CORP., AMC ENGINEERING, PLLC, ENVIRONMENTAL BUSINESS CONSULTANTS INC., ARIEL CZEMERINSKI, and CHARLES SOSIK (collectively as "Defendants"), allege as follows:

<b><u>NATURE OF THE CLAIM</u></b>

       1.      This action is brought on behalf of Plaintiff and a putative class of individuals who provided labor for Defendants to recover unpaid overtime wages pursuant to federal and state statutes, as well as wages and benefits which Plaintiff and members of the putative class were contractually entitled to receive for work they performed on various Public Works Projects.

       2.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), failure to pay Plaintiff wages for all hours worked at his agreed upon rates of pay under the NYLL, to recover unpaid prevailing wages and supplemental benefits owed to

1

Plaintiff and similarly situated individuals as third-party beneficiaries of contracts entered into between Defendants and public entities for Public Works Projects, failure to provide accurate wage statements for each pay period under NYLL § 195(3), and failure to furnish a wage notice upon his hire under NYLL § 195(1).

3.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

4.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable six-year limitations period for those who suffered damages as a result of the Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations and due to Defendants' failure to pay prevailing wages and supplemental benefits as third-party beneficiaries of contracts.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omission giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

8.     Plaintiff ELBIO CRUZ CABRERA ("Cruz") is a resident of the County of Suffolk, State of New York.

9.     At all times relevant to the complaint, Plaintiff Cruz was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York State Labor Law § 190(2).

10.     Defendant, C SQUARED ENVIRONMENTAL CORP. (hereinafter "C Squared") is a domestic business corporation with offices at 18-36 42nd Street, Astoria, New York 11105.

11.     Defendant, AMC ENGINEERING, PLLC (hereinafter "AMC Engineering"), is a domestic professional service limited liability company with offices at 18-36 42nd Street, Astoria, New York 11105.

12.     Defendant, ENVIRONMENTAL BUSINESS CONSULTANTS INC. (hereinafter "EBC"), is a domestic business corporation with offices at 1808 Middle County Road, Ridge, New York 11961.

13.     Defendants C Squared, AMC Engineering and EBC, in all respects, operate as a single enterprise as if they were one and the same. C Squared, AMC Engineering and EBC share interrelated operations, a centralized control of labor relations, common members of management, and, upon information and belief, common financial control within their businesses. Indeed, C Squared and AMC Engineering share a common facility at their mutual principal place of business at 18-36 42nd Street, Astoria, New York 11105. Additionally, C Squared, AMC Engineering and EBC and their employees engaged in meetings and other business at each other's offices at 18-36

42nd Street, Astoria, New York 11105 and 1808 Middle County Road, Ridge, New York 11961 as if they were one and the same business.  Moreover, Plaintiff and employees of C Squared, AMC Engineering and EBC routinely perform services for all three businesses as if they were one and the same business.

14.    At all relevant times, C Squared, AMC Engineering and EBC were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, drill bits, drilling machinery, fuel and parts for their drilling machinery, and other tools and equipment.

15.    At all times relevant, Defendants C Squared, AMC Engineering and EBC were and still are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York State Labor Law § 190(3).

16.    Defendant, ARIEL CZEMERINSKI, is and/or was an officer or owner of C Squared and AMC Engineering, had authority to make payroll and personnel decisions for C Squared and AMC Engineering, was active in the day to day management of C Squared and AMC Engineering, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

17.    Defendant, CHARLES SOSIK, is and/or was an officer or owner of C Squared and EBC, had authority to make payroll and personnel decisions for C Squared and EBC, was active in the day to day management of C Squared and EBC, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

18.     Defendants provide services relating to construction, environmental consultations, environmental remediation and excavation, environmental testing, wastewater treatment and management of other hazardous material.

19.     Defendants' employees, including Plaintiff, performed services in Manhattan, Brooklyn, Queens, Staten Island, the Bronx, Nassau County, and Suffolk County, New York.

20.     Defendants employed Plaintiff Cruz as a non-exempt soil driller and laborer from in or about July 2014 until on or about October 11, 2016.

21.     Throughout his employment, Plaintiff was responsible for drilling soil, operating related drilling machinery, collecting soil samples, installing air testing equipment and performing other manual labor as needed.

22.     Defendants entered into contracts (the "Prime Contracts") with governmental entities, including but not limited to the New York City Housing Authority, Department of Education, and New York City Department of Parks & Recreation, among others, to provide environmental and remediation services upon Public Works Projects.

23.     Under the Prime Contracts, Defendants agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements.  The Prime Contracts were required to include this provision pursuant to the New York Labor Law.

24.     Upon information and belief, the contracts for these Public Works Projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.  Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain

language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

25.     Defendants were engaged as contractors and/or subcontractors to perform various parts of the Prime Contracts.

26.     As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

27.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts were made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and the public entities.

28.     Plaintiff and similarly situated individuals have not received prevailing wages or required supplemental benefits for all hours worked at the rates required by the public works contracts.

29.     As employees of Defendants who were assigned to work on Defendants' publicly financed projects, Plaintiff and the putative members of the collective and class action were intended third-party beneficiaries of Defendants' public works contracts.

30.     Defendants failed to pay Plaintiff and the putative collective and class action members at the appropriate prevailing wage rates, including for their regular hourly and overtime rates of pay, or supplemental benefit rates of pay for their publicly financed contracts.

31.     Throughout his employment, Defendants paid Plaintiff an hourly rate of pay.

32.    Throughout his employment, Plaintiff regularly worked six days per week on Mondays through Saturday, while working between eight and twelve hours per work day, without being afforded an uninterrupted meal break.  Accordingly, Plaintiff regularly worked between forty-eight and seventy-two hours during each workweek.

33.    Throughout his employment, Defendants recorded Plaintiff's hours worked on a timesheet.  Despite doing so, Defendants failed to pay Plaintiff for all of his hours worked each workweek.  Thus, due to Defendants' practice of failing to compensate Plaintiff for all hours worked, Defendants have deprived Plaintiff of compensation at his regular and overtime rates of pay during each workweek.

34.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by disregarding records of actual hours worked each week in order to intentionally deprive Plaintiff of compensation.

35.    Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

36.    Defendants failed to provide Plaintiff with accurate statements of their wages earned, including their correct hourly rates of pay and their amount of regular, prevailing wage rate, overtime hours worked, gross wages and net wages, each pay period as required by NYLL § 195(3).

37.    Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

38.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

39.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

40.    Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a soil driller and/or manual laborer, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

41.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings his Second through Sixth Claims for Relief on behalf of himself and a class of persons under Fed. R. Civ. P. Rule 23. consisting of all persons who are currently, or have been, employed by the Defendants as soil drillers and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

43.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

44.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are over forty (40) individuals who are currently, or have been, employed by the Defendants as soil drillers and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint.

45.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the appropriate prevailing wage rates and supplemental benefit rates for labor they performed on Public Works Projects;

(b)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation for hours worked in excess of forty hours in a single workweek;

(c)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members for all hours up to forty hours per week at their agreed upon rates of pay;

(d)     Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(e)     Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(f)     Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(g)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and other required compensation was done willfully and/or with reckless disregard of the state wage and hour laws;

(h)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(i)     Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(j)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(k)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

47.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

48.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

49.    Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

50.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, especially in light of the relatively minimal damages owed to each individual putative Class Member.

51.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

52.    The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

53.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

54.    Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

55.    Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

56.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

57.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58.     As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

59.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

60.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

61.     By Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

62.     Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

63.     Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (FAILURE TO PAY WAGES DUE UNDER NYLL)

64.    Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

65.    NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

66.    Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at the regular rate of pay for each hour that they worked in accordance with their agreed terms of employment.

67.    Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rate of pay.

68.    Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

## FOURTH CLAIM FOR RELIEF
## (BREACH OF CONTRACT AS THIRD-PARTY BENEFICIARIES)

69.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

70.    Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action provided labor.

71.     Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action the prevailing wage and supplemental benefits rates of pay.

72.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action were third-party beneficiaries of the contracts entered into by Defendants.

73.     Defendants breached the Public Works contracts in that they failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action the prevailing wage or for supplemental benefits for all labor performed on the Public Works Projects and that Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action did not receive the monies they were due as third-party beneficiaries of the contracts.

74.     Defendants are liable to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for damages based upon an accounting of the wages the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts, as well as costs and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

75.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

76.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

77.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

78.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

79.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with accurate statements of their wages earned, including their correct hourly rates of pay and their amount of regular, prevailing wage, and overtime hours worked, gross wages and net wages for each pay period as required by NYLL § 195(3).

80.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with an accurate wage statement with their wages as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## DEMAND FOR A JURY TRIAL

81.     Plaintiff, Class Action Plaintiffs, and FLSA Collective Action Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Collective Action Plaintiffs and Class Action Plaintiffs pray for the following relief:

i.  An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iii.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iv.  Unpaid wages pursuant to the NYLL and Department of Labor Regulations, plus liquidated damages;

v.  Unpaid prevailing wages and supplemental benefits;

vi.  Damages pursuant to Labor Law § 195(1), (3);

vii.  Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

viii.  Certification of a class action pursuant to Fed. R. Civ. P. 23;

ix.  Pre- and post-judgment interest as permitted by law;

x.      All attorneys' fees and costs incurred in prosecuting these claims; and

xi.      Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        September 27, 2018

                        LAW OFFICE OF PETER A. ROMERO PLLC
                        *Attorneys for Plaintiff*
                        825 Veterans Highway
                        Hauppauge, New York 11788
                        Tel.: (631) 257-5588

            By:      _____
                        DAVID D. BARNHORN, ESQ.
                        PETER A. ROMERO, ESQ.