LAW OFFICE OF
PETER A. ROMERO

promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

April 15, 2019

**VIA ECF**
Hon. Dora Lizette Irizarry
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: *Elbio Cruz Cabrera v. C Squared Environmental Corp., et al.*
        Docket No.: 18-cv-05450 (DLI) (PK)

Dear Chief Judge Irizarry:

  This firm represents the Plaintiff, Elbio Cruz Cabrera, in the above-referenced matter, who brought claims against his former employers, Defendants, C Squared Environmental Corp, AMC Engineering, PLLC, and Ariel Czemerinski. Plaintiff asserts claims for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to pay all straight-time wages owed ("Gap Time") under the NYLL, breach of contract as a third-party beneficiary for failure to pay prevailing wage compensation, failure to furnish a wage notice under NYLL § 195(1), and failure to provide accurate wage statements under NYLL § 195(3). D.E. 1. On behalf of all parties, Plaintiff submits this joint motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiffs' FLSA claims.[1] A copy of the parties' settlement agreement is attached hereto as Exhibit A.

## Procedural History

  On September 27, 2018, Plaintiff filed his Complaint.[2] D.E. 1. On November 15, 2018, Defendants filed their Answer to the Complaint. D.E. 21. Thereafter, the parties exchanged documentary discovery pursuant to Magistrate Judge Peggy Kuo's initial conference order. D.E. 27. That discovery included records relating to Plaintiff's compensation, hours worked, prevailing wage compensation, and the nature of his work performed. As such, the available discovery permitted Plaintiff to conduct a detailed assessment of his damages and the merits of Plaintiff's claims and Defendants' defenses. The parties, with the assistance of Judge Kuo during the initial conference and informal settlement telephone conferences, were able to reach a settlement.

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so.

[2] After the exchange of relevant discovery, Plaintiff determined that Environmental Business Consultants Inc. and Charles Sosik were not Plaintiff's joint employers, as originally believed. On January 2, 2019, Environmental Business Consultants Inc. and Charles Sosik were dismissed from this action without prejudice.

LAW OFFICE OF PETER A. ROMERO PLLC · LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788 - (631) 257-5588 - overtimelawny.com

The settlement agreement provides for payment of a sum of $11,500, inclusive of attorneys' fees and costs. Pursuant to the settlement, Plaintiff will receive $7,116.67 and Plaintiffs' counsel will receive a total sum of $4,383.33, consisting of $3,558.33 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $825.00 for costs.

**The Court Should Approve the Settlement Agreement as Fair and Reasonable**

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiff contends that he worked as a non-exempt soil driller and laborer from in or about July 2014 until on or about October 11, 2016. Throughout his employment, Plaintiff was responsible for drilling soil, operating related drilling machinery, collecting soil samples, installing air testing equipment and performing other manual labor as needed. The hours worked by the Plaintiff varied week by week. As relevant to the FLSA, Plaintiff claims that he commonly worked more than forty hours per week but was not paid for all hours worked. As a result of their alleged failure to pay him for certain hours worked, Defendants did not pay him overtime compensation at time and one-half his regular rate of pay for certain hours worked in excess of 40 per week under the FLSA.

The parties have several key disputes with respect to Plaintiff's claims that could impact liability and the amount of damages owed. Defendants deny Plaintiff's allegations and contend that Plaintiff was paid for all hours worked. Defendants represent that, on occasion, Plaintiff was underpaid with respect to the number of hours worked. However, Defendants allege that they remitted payment to Plaintiff in subsequent pay periods to correct these errors. As such, Defendants contend that no liability exists and no damages are owed under the FLSA. While Plaintiff denies this, Plaintiff also asserts that even if Defendants' position were correct that payments were subsequently made for all hours worked, Defendants would still be liable for liquidated damages for such late payments under the FLSA. Again, Defendants deny liquidated damages are due. Additionally, Defendants have produced compensation and time records for Plaintiff's employment, which would create challenges for the Plaintiff to overcome at trial with respect to the number of his claimed hours worked.

Defendants also deny any alleged violation was willful. Defendants maintain that they engaged in good faith efforts to comply with the FLSA and assert that Plaintiff would therefore not be entitled to liquidated damages. Thus, the parties' respective positions evince substantial risks for both parties at trial which could impact the amount of Plaintiff's recovery and could result is a loss at trial by either party.

Plaintiff has calculated his precise damages, based on the discovery in this matter and his anticipated testimony were this matter to proceed, in order to assess his best possible recovery in this litigation. Making all reasonable assumptions in his favor, Plaintiff's best potential recovery under the FLSA at trial amounts to $1,019.00 for unpaid FLSA wages and $1,019.00 for FLSA liquidated damages.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have engaged in depositions of Plaintiff, Defendants, and likely non-party witnesses. This settlement also avoids potential partial summary judgment motion practice by either party and trial, which would result in a months' or years' long delay to obtaining a recovery for the Plaintiff even if he were successful at trial, and potentially face future appeals. Moreover, all parties face the risk of losing at trial, either in whole or in part. Indeed, if Plaintiff were to succeed on liability but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiff would not be entitled to liquidated damages under the FLSA, reducing his available FLSA damages by half to $1,019.00. This would be reduced further should Plaintiff not prevail on the issue of willfulness as the FLSA statute of limitations would be reduced to two, rather than three, years. This would reduce Plaintiff's unpaid FLSA wages to nothing. Thus, by settling at this stage, Plaintiff ensures he will receive a recovery in this matter. Further, Plaintiff's award under the settlement permits him to recover all of his unpaid FLSA wages and all of his claimed liquidated damages under the FLSA. Accordingly, the risks and uncertainties discussed above are substantial when compared to the favorable settlement achieved for Plaintiff through the settlement.

Additionally, the settlement here was reached only after the parties engaged in document discovery pertaining to the Plaintiff, providing him with a clear assessment of his available damages, contentious settlement discussions, and assistance from Judge Kuo. Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Settlement Agreement is limited to the wage-related claims that Plaintiff asserted in this action. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See <u>Flood v. Carlson Rests. Inc.</u>, 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); <u>Lopez v. Nights of Cabiria, LLC</u>, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); <u>Cheeks</u>, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored

to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

### **The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336).

In this case, the portion of the settlement amount attributable to attorneys' fees is $3,558.33, or 1/3 or the net settlement amount after deducting for litigation costs. Plaintiff's counsel's request that the Court approve fees of 1/3 of the settlement is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Courts in this Circuit routinely approve attorney's fees awards in the amount of one-third of the total settlement. See McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Additionally, the reasonableness of the fee for which approval is requested here is further solidified by "[a]pplying the lodestar method as a cross check." Guaman v. Ajna-Bar NYC, 2013 WL 445896, at *1 (S.D.N.Y. Feb. 5, 2013) (citing Goldberger v. Integrated

Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, the Firm multiplied the attorney hours spent on the case by each individual's reasonable hourly rate. See Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007).

With respect to Peter A. Romero, Esq.'s experience, Mr. Romero graduated from St. John's University School of Law in 2003. He was admitted to practice in New York in November 2003, the United States District Court for the Southern District of New York in August 2004, and the United States District Court for the Eastern District of New York in October 2004. Mr. Romero previously worked for a prominent employment law litigation firm as an associate from July 2004 until January 2009 and as a partner from January 2009 until June 2015. Thereafter, beginning in June 2015 through the present, Mr. Romero has operated his own employment law litigation firm, the Law Office of Peter A. Romero PLLC, as its principle. That firm employs one senior associate, the undersigned, David D. Barnhorn, Esq., and a paralegal, as well as other support staff as needed. Throughout his legal career, beginning in July 2004 through the present, Mr. Romero has focused his practice almost entirely on employment law litigation, where a majority of his cases have been comprised of individual, collective action and class action wage and hour lawsuits in federal and New York courts. Moreover, throughout his career, Mr. Romero has conducted numerous trials and arbitrations on behalf of his clients in employment law disputes, including wage and hour matters. Finally, while employed as a partner at another firm from January 2009 until June 2015, Mr. Romero was responsible not only for his own case load of employment law litigation matters, but also for supervising and revising and approving the work of four associates who each had their own case load of employment law litigation matters, including wage and hour matters. Mr. Romero is also an active member of the National Employment Lawyers Association, an entity that focuses on employee rights in the workplace and whose membership consists of lawyers that primarily, or exclusively, represent employees.

The undersigned, David D. Barnhorn, Esq., graduated *cum laude* from Hofstra University Maurice A. Deane School of Law in November 2012. I was admitted to practice in New Jersey and the United States District Court for the District of New Jersey in 2012, in New York State in 2013, and the United States District Courts for the Eastern and Southern Districts of New York in 2014. I have been employed as a senior associate for this Firm since April 2018. Prior to joining this firm, I worked as an associate at two prominent employment law litigation firms from November 2012 until April 2018. Throughout my legal career, beginning in November 2012 through the present, I have focused my practice almost entirely on employment law litigation, where a majority of my cases have been comprised of individual, collective action and class action wage and hour lawsuits in New York and New Jersey state and federal courts. Throughout my time as an associate, I have been responsible for actively handling and maintaining a case load of between 30 to 45 cases at any given time in pre-litigation stages, arbitration, administrative agencies and in litigation in state and federal courts from their inception through trial, appeal and resolution. Moreover, during my career, I have conducted numerous trials and arbitrations on behalf of my clients in employment law disputes, including wage and hour matters. Finally, I have been selected as a Rising Star by Super Lawyers as an "Employment & Labor Attorney" for the years 2016, 2017 and 2018.

Here, if Plaintiff's counsel were seeking fees pursuant to the lodestar, Plaintiff would seek hourly rates of $400.00 per hour for Peter A. Romero, Esq. and $275.00 per hour for the undersigned, David D. Barnhorn, Esq. "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Spain v. Kinder Stuff 2010 LLC, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rates should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted)). Here, based on the customary rates charged in this district and the experience of the attorneys responsible for this matter, hourly rates of $400.00 per hour for Mr. Romero and $275.00 per hour for the undersigned are reasonable. Solnin v. Sun Life & Health Ins. Co., 2018 WL 4853046, at *3 (E.D.N.Y. Sept. 28, 2018) (awarding mid-level associate with 5 years of experience a rate of $275 and noting proper rate for senior associates is up to $325 per hour and for experienced partners is between $300-$450 per hour in this district); Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc., 2017 WL 5564892, at *2 (E.D.N.Y. Nov. 3, 2017), report and recommendation adopted, 2017 WL 5564593 (E.D.N.Y. Nov. 18, 2017) (citing Houston v. Cotter, 234 F. Supp. 3d 392, 402 (E.D.N.Y. 2017)) (awarding rates of $270 to $350 to senior associates and noting that "[i]n recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals."); Hilton v. Int'l Perfume Palace, Inc., 2013 WL 5676582, at *11 (E.D.N.Y. Oct. 17, 2013) (district court adopting report and recommendation that held "that partners and counsel be compensated at the rate of $450.00 per hour, mid-level associates be compensated at the rate of $325.00 per hour, junior associates be compensated at the rate of $200.00 per hour, and nonattorney [sic] staff be compensated at the rate of $75.00 per hour."); Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC, 2014 WL 4954629, at *9 (E.D.N.Y. Oct. 2, 2014) (citing Man Wei Shiu v. New Peking Taste, Inc., 2013 WL 2351370, at *13 (E.D.N.Y. May 28, 2013)) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-80 for legal support staff.").

Here, Plaintiff's counsel researched and investigated the Plaintiff's claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, exempt status, his work hours and compensation received, commenced this action, exchanged and analyzed document discovery, created a detailed damages assessment, and negotiated a settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

The Firm expended a total of 52.2 hours on this matter, as evidenced by counsel's contemporaneously-kept billing records, which are annexed hereto as Exhibit B. Plaintiff's

attorneys' fees in this matter, when calculated pursuant to the lodestar, amount to $13,678.75.[3] Thus, the amount of attorneys' fees sought – $3,558.33 – is well below the amount of fees actually incurred litigating this matter.

Plaintiff's counsel seeks reimbursement for $825.00 in advanced litigation costs. The following is a description of the costs incurred in this lawsuit:

| Date | Description of Expense | Amount |
|---|---|---|
| 9/27/2018 | Filing Fee for Complaint, D.E. 1 | $400.00 |
| 10/10/2018 | Service of Process on all Defendants | $425.00 |
| | | Total: $825.00 |

A copy of the invoice for service of process on Defendants is annexed as Exhibit C.

Accordingly, Plaintiff's counsel's requests for attorneys' fees in the amount of $3,558.33 and expenses in the amount of $825.00 should be approved as reasonable.

In light of the foregoing, the parties respectfully request that the Court approve their settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement. The Parties have submitted a proposed stipulation of dismissal with prejudice, which is attached to the parties' settlement agreement. Exhibit A.

Respectfully submitted,

*David Barnhorn*

_____
DAVID D. BARNHORN, ESQ.

C:  All Counsel of Record *via* ECF

---

[3] Notably, Plaintiff's counsel has not sought reimbursement for time spent on this matter by their paralegal, which would increase this lodestar sum even further if it were included.